UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA, FT. MYERS DIVISION

ELITA BOZEMAN, Mother and Guardian
of the person and property of KENNETH
BOZEMAN, an incapacitated person; as
Guardian of BRIDGETT BOZEMAN, a minor;
as Guardian of ALYSSA BOZEMAN, a minor;
and as Assignee of KAREN BONAGUA,
Assignor,

    Plaintiffs,

Case No. 2:10-cv-00102-CEH-SPC

v.

CHARTIS CASUALTY COMPANY f/k/a
American International South Insurance
Company,

    Defendant.
_____/

**MOTION TO QUASH OR MODIFY SUBPOENA DUCES TECUM
SERVED ON KEN WARD, ESQUIRE BY DEFENDANT, OR
<u>ALTERNATIVELY, MOTION FOR PROTECTIVE ORDER</u>**

Pursuant to Rule 26(c) and Rule 45(c)(3), Fed. R. Civ. P., non-party, Ken Ward, Esquire, and the Law Office of Ken Ward, P.A. ("**Ward**") and the clients of Ward, Tammy Gilley ("**Gilley**"), individually and as personal representative of the Estate of Courtney Smallwood, ("**Smallwood**") hereby object to the subpoena duces tecum ("**Subpoena**") served on Ward by Defendant, Chartis Casualty Company f/k/a American International South Insurance Company ("**Chartis**") for "any and all materials and documents in your possession, custody or control concerning" Ward's representation of Gilley and Smallwood.  Ward, Gilley and Smallwood hereby requests that said Subpoena

1

be quashed, or modified, in whole or in part, as follows:

**I.     Background.**

Ward was served with a Subpoena by Chartis seeking production of his *entire file* regarding Ward's representation of Gilley and Smallwood.  (**Exhibit "A"**).  Neither Ward, Gilley nor Smallwood are parties to this litigation.  Ward has never represented the Plaintiffs.  In 2006, Ward represented Gilley and Smallwood in a wrongful death claim brought against Karen Bonagua.  The claim was settled by Ms. Bonagua's insurers without a lawsuit being filed.  The file has been long closed.  With its blanket request for Ward's entire file, including privileged or other protected matters, the Subpoena issued by Chartis intentionally fails to take any steps to avoid imposing an undue burden Ward and should be quashed.

**II.    Analysis**

   **a.     The Subpoena subjects Ward to undue burden.**

The scope of discovery in federal courts encompasses any non-privileged matters relevant to any party's claim or defense. *See* Fed. R. Civ. P. 26(b)(1). As the party seeking discovery, Chartis has the duty to demonstrate its requests are relevant. *Fadalla v. Life Auto. Prod., Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007).  Here, Chartis has failed to demonstrate why any non-privileged material in Ward's file could be relevant to any defense filed by Chartis in the above referenced action.  Taking Ward's status as a non-party into account, and balancing the interests of Ward with the unarticulated needs of Chartis, the Subpoena served by Chartis should be quashed.

Indeed, where compliance with a subpoena creates an undue burden, Rule 45 provides that the issuing court *must* quash or modify a subpoena. Fed. R. Civ. P. 45(c)(3)(A)(iv).  With its blanket request for Ward's entire file, including privileged or other protected matter, the Subpoena issued by Chartis fails to take *any* steps to avoid imposing an undue burden on Ward.  Requiring Ward, a non-party, to sift through documents and information, especially given Chartis' failure to demonstrate what relevant information or documents Ward's file contains which it either has not already obtained or cannot obtain through other means, creates an undue burden on Ward.  Accordingly, Ward would contend that any production of any portion of the Gilley-Smallwood file is over broad.

      **b.**      **Ward's file, maintained on behalf of Gilley and Smallwood, contains confidential communications and information protected by the attorney client and work-product privilege.**

The Subpoena issued by Chartis seeks confidential communications and protected information.  Federal Rule of Civil Procedure 45(c)(3)(A)(iii) mandates that such a subpoena *must* be quashed.

      **I.**      **Attorney Client Privilege**.

The non-discoverable nature of communications containing attorney client privileged information is well established through the applicable Florida law and is not subject to discovery.  The Subpoena to Ward makes no effort to distinguish these patently non-discoverable communications between Ward, Gilley and Smallwood, thus causing Ward, at significant time, effort and expense, to generate a privilege log of

communications which are not discoverable. Chartis has asserted no legal basis for the waiver of this privilege or for the production of documents protected by this privilege.

In order to invoke attorney-client privilege, a claimant must establish:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is [the] member of a bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (I) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*United States v. Noriega*, 917 F.2d 1543, 1550 (11th Cir. 1990) (quotation marks omitted).

All communications between Ward, Gilley and Smallwood were intended to remain confidential and, under the circumstances, they were reasonably expected and understood to be confidential. The privilege is claimed and asserted by Gilley and Smallwood regarding legal services provided to them by Ward, and is not being waived, nor has it ever been waived, by Gilley or Smallwood. All communications between Ward, Gilley and Smallwood satisfy the test set forth in *Noriega* and remained privileged.

The foregoing analysis compels the conclusion that all communications between Ward, Gilley and Smallwood are protected by the attorney client privilege and are not subject to involuntary waiver or discovery through the Subpoena issued by Chartis to Ward.

### iii. Work Product Privilege.

The Subpoena to Ward is improper in that it makes no attempt to exempt protected work product information from its broad net. A non-party is permitted to claim the protection of the doctrine. *Carnes v. Crete Carrier Corp.*, 244 F.R.D. 694, 698-99 (N.D. Ga. 2007); Fed. R. Civ. P. 45(d)(2)(describing that a non-party is permitted to claim protection for trial preparation material in responding to a subpoena duces tecum). The non-party, however, has to make a reasonable showing of the materials which are being claimed under the protection. *Hunter's Ridge Golf Co., Inc. v. Georgia-Pacific Corp.*, 233 F.R.D. 678 (M.D. Fla. 2006)(describing that a party usually may not claim the protection of work product for documents created by third-parties). However, the protective provisions of Rule 45 and Rule 26(c), as well as *Hickman v. Taylor*, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1947), supports the extension of the work product protection beyond the limits of the text of Rule 26(b)(3). *Carnes* at 698.

Because Ward, Gilley and Smallwood are not parties to the current litigation, loss of the work product privilege over Ward's file should not occur simply because Chartis chose to send a Subpoena to Ward. From the Plaintiffs' complaint, the instant case appears to be a bad faith action regarding Chartis' failure to settle the Plaintiffs' case presuit. Thus, the instant case is about a missed settlement opportunity between the Plaintiff and Chartis. It cannot be stressed enough that neither Ward, Gilley nor Smallwood were involved in this matter.

Ward is unaware of any allegation by Chartis that Ward's conduct during

settlement negotiations of the Gilley-Smallwood claim influenced, in any manner, the realistic possibility of presuit settlement between the Plaintiff and Chartis, thus making his mental impressions during this time period relevant. *See Barry v. Geico Gen. Ins. Co.*, 938 So. 2d 613, 618 (Fla. 4th DCA 2006).

Moreover, Ward would further argue that in cases such as this, state law controls to determine the character of a particular document, or the scope of the existence of the protection of work product. Under Florida law, Ward's work product from the underlying claim maintains its qualified immunity. *See Alachua General Hospital, Inc. v. Zimmer*, 403 So.2d 1087 (Fla. 1st DCA 1981); *State v. Rabin*, 495 So. 2d 257 (Fla. 3d DCA 1986)(describing that an attorney has a privacy interest, separate from that of his client, in his opinion work product, including conclusions, impression or theories). Furthermore, under either Florida law or federal law, even if Chartis had shown that it has need for Ward's fact work product and is unable to obtain the substantial equivalent through other means without undue hardship, it still would not be able to have discovery of any opinion work product. *See United Kingdom v. United States*, 238 F.3d 1312, 1322 (11th Cir. 2001). The Subpoena to Ward improperly requests both fact work product and opinion work product, and should be quashed or limited.

### III.   Conclusion

####    a.   Certificate of Compliance with Rule 3.01(g)

In an attempt to resolve the discovery dispute arising from the subpoena duces tecum served on Ward, on October 4, 2010, the undersigned contacted counsel for

Chartis, David Krouk, Esq.  Chartis was unwilling to modify the scope of the Subpoena served upon to Ward.  Accordingly, Ward and Chartis were unable to resolve their differences regarding the Subpoena.

### b. Request for Hearing

Ward, on behalf of his firm, Gilley and Smallwood, requests that an opportunity for hearing on this Motion be provided.

### c. Relief Requested

Ward, on behalf of Gilley and Smallwood, requests that the Subpoena served on Ward by Chartis be quashed, or, in the alternative, modified through a protective order. If compelled, Ward is agreeable to the production of all non-privileged and non-protected communications with any third parties, including any involved insurance companies.

Ward would argue against the disclosure of *any* attorney client privileged communications.  Ward would argue against the disclosure of work product information (both fact and opinion).  However, should this Court deem Ward's fact work product information to be discoverable, Ward would argue against the disclosure until after Chartis provides this Court with something other than conclusory statements demonstrating a substantial need for the requested materials that cannot otherwise be obtained without undue hardship.  Again, this disclosure would be limited to fact work product information over a limited time period, there should be no disclosure of opinion work product permitted.

Further, any compliance with the Subpoena by Ward should be conditioned on (1)

payment of copying costs and, (2) if a privilege log is required, (a) adequate time to review Ward's entire file for identification of privileged information, and (b) payment of the attorney and paralegal time that such an endeavor will require. *Klay v. All Defendants*, 425 F.3d 977, 984 (11th Cir. 2005)(reasonable compensation may require more than reimbursement for the costs of production).

## CERTIFICATE OF SERVICE

I hereby certify that on **October 5, 2010**, this document was electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to: **David B. Krouk, Esq.**, 777 S. Harbour Island Blvd., Suite 500, Tampa, FL 33602 and **Fred A. Cunningham, Esq.**, Suite 140, 2401 PGA Blvd., Palm Beach Gardens, FL 33410 .

/s/ Raymond N. Seaford
RAYMOND N. SEAFORD, ESQ.
Florida Bar No: 961914
LAW OFFICE OF KEN WARD, P.A.
701 Bayshore Blvd.
Tampa, Fl. 33606
Phone: (8l3) 251-4188
Facsimile: (813) 254-9462
Rnseaford@aol.com
Counsel for WARD