# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

ELITA BOZEMAN, Mother and Guardian of the
person and property of Kenneth Bozeman, an
incapacitated person; as Guardian of Bridgett
Bozeman, a minor; as Guardian of Alyssa Bozeman,
a minor; and as Assignee of Karen Bonagua,
Assignor,

                       Plaintiff,

-vs-                                                       Case No.  2:10-cv-102-FtM-36SPC

CHARTIS CASUALTY COMPANY, f/k/a
American International South Insurance Company,

                       Defendant.

_____

## ORDER

This matter comes before the Court on Motion to Quash or Modify Subpoena Duces Tecum Served on Non-Party Ken Ward, Esquire by Defendant, or Alternatively, Motion for Protective Order (Doc. #18) filed on October 5, 2010.  Defendant filed its Response (Doc. #19) on October 19, 2010. The Motion is now ripe for review.

## BACKGROUND

This case involves a claim for insurer bad faith brought by the Plaintiff, ELITA BOZEMAN, Mother and Guardian of the person and property of KENNETH BOZEMAN, an incapacitated person; as Guardian of BRIDGETT BOZEMAN, a minor; as Guardian of ALYSSA BOZEMAN, a minor; and as Assignee of KAREN BONAGUA, Assignor against CHARTIS.  Chartis insured Karen Bonagua under an automobile liability policy with coverage limits of $100,000 per person and

$300,000 per occurrence.  On October 23, 2006, Karen Bonagua's son, Matthew McQueary, was involved in a catastrophic automobile accident while operating a vehicle owned by her, and insured under the Chartis policy.  Mr. McQueary's vehicle collided with a work van containing seven occupants.  The automobile accident resulted in the deaths of Matthew McQueary, Arnal Smallwood, Nathan Simpson, Benito Zacharias, and Courtney Smallwood, as well as the serious bodily injuries of Kenneth Bozeman, Teodulo Garcia, and Alberto Sanchez.

Representatives for each of the seven occupants of the work van presented separate claims against Karen Bonagua's policy with Chartis.  Non-party Ken Ward, Esquire, to whom the subpoena at issue in the instant Motion is directed, represented Tammy Gilley, individually and as personal representative of the Estate of Courtney Smallwood, in a wrongful death suit against Bonagua.  Chartis ultimately settled the wrongful death claims of the Estates of Arnal Smallwood, Nathan Simpson, Benito Zacharias, and Courtney Smallwood for the policy limits of $300,000.  Having exhausted the policy limits, the remaining bodily injury claims were not settled.  Bozeman then filed suit against Bonagua, individually and as personal representative of the Estate of Matthew McQueary, and, subsequently, the parties entered into a consent judgment in the amount of $9,000,000.

Karen Bonagua assigned her rights to Bozeman, who has sued Chartis to recover on the excess judgment. This lawsuit was brought by Bozeman and is a claim for insurer bad faith, alleging that Defendant Chartis failed to settle a bodily injury claim brought against the insured, Bonagua, individually and as a personal representative of the Estate of Matthew McQueary.  In discovery, Chartis issued a subpoena *duces tecum* to attorney Ken Ward, which requested:

> Any and all materials and documents in your possession, custody or control concerning your representation of Tammy Gilley, individually and as personal

>representative of the Estate of Courtney Smallwood, in connection with any claims for damages and/or injuries arising out of a motor vehicle accident that occurred on October 23, 2006 in Arcadia, DeSoto County, Florida.

Attorney Ward responded with the instant Motion to Quash or Modify Subpoena Duces Tecum or Alternatively, Motion for Protective Order, objecting to the subpoena and alleging that the subpoena should be quashed as it imposes an undue burden upon counsel and that the documents requested are protected by the work-product and attorney-client privilege. The Court will address each of Ward's objections below.

## DISCUSSION

**1.     Work-Product Privilege**

Like the attorney-client privilege, the party asserting the work-product privilege has the burden to prove that the documents sought are protected work product. Palmer v. Westfield Insurance Company, 2006 WL 2612168 (M.D. Fla. June 30, 2006). "While Rule 501, Fed. R. Evid., provides that Florida law of privilege governs diversity cases, the work-product doctrine is a limitation on discovery in federal cases and federal law provides the primary decisional framework." Kemm v. Allstate Property and Cas. Ins. Co., 2009 WL 1954146, *2 (M.D. Fla. July 7, 2009). The work-product privilege "typically applies only to documents prepared principally or exclusively to assist in anticipation or ongoing litigation." Palmer, at * 3. Unlike the attorney-client privilege, which is controlled by state law in diversity cases, the work product privilege is controlled by Rule 26 of the Federal Rules of Civil Procedure. Id. at * 2. The Rule states in pertinent part:

>Ordinarily, a party may not discover documents and tangible things that are prepare in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has

>  substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed R .Civ. P. 26(b)(3).  A non-party is not entitled to claim work product protection.  See Tambourine Comercio Internacional SA v. Solowsky, 2009 WL 378644, *16 (11th Cir. Feb. 17, 2009) (noting that "[b]y its plain text, Rule 26(b)(3) applies to documents or things prepared by or for another party or its representatives").  Thus, the work-product doctrine does not apply to documents that were not prepared by or for a party to the suit in which production is sought and there is no evidence that the information was prepared for the Plaintiff in this case (or for assignor Bonagua).  Neither Ken Ward, Esq., nor Tammy Gilley, individually and as personal representative of the Estate of Courtney Smallwood (deceased) are parties to the current bad-faith lawsuit.  Thus, Ward's claim of work-product privilege is not well taken.

**2.    Attorney-Client Privilege**

Ward argues that Chartis made a blanket request for his entire file regarding his representation of Tammy Gilley, including information that is protected by the attorney-client privilege.  He further argues that the communications were intended to be confidential and privileged, and any such privilege has not been waived by Gilley.  He asserts that it would take him significant time, effort, and expense to generate a privilege log of communications, which are not discoverable.  Chartis concedes that any documents contained in attorney Ward's file which constitute communications with his client would not be subject to production and that any such documents would be protected by the attorney-client privilege.

The attorney-client privilege is only available when all the elements are present. Universal City Development Partners, Ltd. v. Ride & Show Engineering, Inc., 230 F.R.D. 688, 690 (M.D. Fla.2005) (citing Provenzano v. Singletary, 3 F. Supp 2d 1353, 1366 (M.D. Fla. 1999) *aff'd,* 148 F.3d

1327 (11th Cir. 1998)).  The elements of the attorney-client privilege are: (1) Where legal service advice of any kind is sought, (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his instance permanently protected, (7) from disclosure by himself or by the legal advisor, (8) except the protection may be waived. Universal City Development Partners, Ltd., 230 F.R.D. at 690 (quoting International Telephone and Telegraph Corp. v. United Telephone Co., 60 F.R.D. 177, 184-185 (M. D. Fla. 1973)).  The party asserting the privilege has the burden of proving the existence of the privilege. United States v. Schaltenbrand, 930 F.2d 1554, 1562 (11th Cir. 1991).  Under Florida law, the attorney-client privilege only protects confidential communications between a lawyer and a client. Geico Cas. Co. v. Beauford, 2006 WL 2990454, *1 (M.D. Fla. Oct. 19, 2006) (citing Fla. Stat. § 90.502(1)).  "The burden is on the party claiming the privilege to establish that each communication or document sought to be protected falls within the privilege protection." Id.

In this case, Ward has not met his burden to show that all materials contained in the Gilley file involve confidential communications between himself and his client.  It is likely that there are other materials in the file such as correspondence with opposing counsel and Chartis that would not be privileged.  These materials would be subject to production.  Thus, Ward's refusal to provide the entire Gilley file on the basis of attorney-client privilege is not well taken.  Ward shall produce a privilege log of all materials for which he believes are privileged and produce all non-privileged documents responsive to Chartis' subpoena *duces tecum*.  Typically, the privilege log will identify each document and the individuals who were parties to the communications with sufficient detail to permit the compelling party or court to determine if the privilege is properly claimed. CSX

Transportation, Inc., v. Admiral Insurance Co., 1995 WL 855421, *3 (M.D. Fla. July 20, 1995). More specifically, a proper privilege log should contain the following information:

>   (1) the name and job title or capacity of the author of the document;
>   (2) the name and job title or capacity of each recipient of the document;
>   (3) the date the document was prepared and if different, the date(s) on which it was sent to or shared with persons other than the author(s);
>   (4) the title and description of the document;
>   (5) the subject matter addressed in the document;
>   (6) the purpose(s) for which it was prepared or communicated; and
>   (7) the specific basis for the claim that it is privileged.

See Roger Kennedy Construction, Inc. v. Amerisure Insurance Co., 2007 WL 1362746, * 1 (M.D. Fla. May 7, 2007) (detailing the information needed in a proper privilege log).

**3.      Undue Burden and Attorney's Fees**

Non-party Ward argues that the subpoena *duces tecum* subjects him to undue burden. With regard to the burden imposed on non-parties in responding to discovery requests, courts consider the following factors: relevance, the requesting party's need for the documents, the breadth of the document request, and the time period covered by the request." erinMedia, LLC v. Nielsen Media Research, Inc., WL 1970860 *1-2 (M.D. Fla. July 3, 2007) (citing Cytodyne Tech., Inc. v. Biogenic Tech., Inc., 216 F.R.D. 533, 535 (M.D. Fla. 2003); Farnsworth v. Proctor & Gamble Co., 758 F.2d 1545 (11th Cir.1985)).

As discussed above, the Court has found that documents in the Gilley file are relevant to the instant suit, and could be used to support Chartis' defenses. Further, Chartis' request is specifically limited to the litigation file for Ward's representation of Tammy Gilley, individually and as personal representative of the Estate of Courtney Smallwood. Attorney Ward apparently represented Gilley for a relatively short amount of time, and the claim settled short of litigation. Thus, Ward's undue

burden objection is not well taken as Chartis has shown a need for the documents that cannot be obtained from any other source.

Rule 45 requires the Court to protect non-parties from "significant expense resulting from compliance" with a subpoena. Horn v. Volusia County, Florida, 2008 WL 3050416, *1 (M.D. Fla. Aug. 5, 2008). "However, the required protection from significant expense does not mean that the requesting party necessarily must bear the entire cost of compliance. A non-party can be required to bear some or all of its expense where the equities of a particular case demand it." Id. (internal quotations omitted). A district court has "substantial discretion in the allocation of costs in discovery." Klay v. All Defendants, 425 F.3d 977, 982 (11th Cir. 2005). The Court is mindful that attorney Ward is a non-party and his compliance with this Court's Order would require him and/or his staff to go through the Gilley file to determine which documents Ward believes would be subject to privilege and create a privilege log. Thus, the Court finds that the equities in this case balance in favor of Defendant covering some of the costs associated with the production. Defendant shall cover the cost of copies at fifteen (.15) cents a page and up to five hours of attorney and/or paralegal time in responding to the subpoena. Payment is not required until after the production is made. The Court will also allow Ward 30 days within which to produce the documents and privilege log.

Accordingly, it is now

**ORDERED:**

Motion to Quash or Modify Subpoena Duces Tecum Served on Ken Ward, Esquire by Defendant, or Alternatively, Motion for Protective Order (Doc. #18) is **DENIED**. The subpoena is not quashed and Ward shall produce all non-privileged documents responsive to Defendant's subpoena *duces tecum* and a privilege log on or before **November 29, 2010.** Defendant shall cover

the cost of copies at fifteen (.15) cents a page and up to five hours of attorney and/or paralegal time in responding to the subpoena. Payment is not required until after the production is made.

**DONE AND ORDERED** at Fort Myers, Florida, this ___29th___ day of October, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record